IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| TIMOTHY JOHN LUKE, § <br> Petitioner, § <br> § <br> v. § <br> § <br> NATHANIEL QUARTERMAN, Director, § <br> Texas Department of Criminal Justice, § <br> Correctional Institutions Division, § <br> Respondent. § | Civil Action No. 4:07-CV-468-Y |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B. PARTIES

Petitioner Timothy John Luke, TDCJ-ID #1424372, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, and is presently incarcerated in Beeville, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C. FACTUAL AND PROCEDURE HISTORY

On March 5, 2007, Luke pled guilty to possession of a controlled substance in the Criminal District Court Number Two of Tarrant County, Texas, and the trial court assessed his punishment at six years' confinement. (State Habeas R. at 20.) Luke did not appeal his conviction or sentence. (Petition at 3.) On April 5, 2007, he filed a state habeas application, raising one or more of the claims presented herein, to no avail. (State Habeas R. at cover, 2.) This petition was filed on August 2, 2007.[1] Respondent Quarterman has filed a motion for summary judgment and supporting documentary exhibits, to which Luke replied.

D. ISSUES

In two grounds, Luke claims the state criminal indictment and prosecution were barred by limitations under state law. (Petition at 7.)

E. DISCUSSION

*1. State Law Claims*

Luke asserts the state criminal indictment and prosecution were barred by the limitations period under state law, and he cites the court to articles 21.02(6) and 21.21(6) of the Texas Code of Criminal Procedure in support of his assertion. TEX. CODE CRIM. PROC. ANN. arts. 21.02(6), 21.21(6) (Vernon 1989 & 2005). Otherwise, he provides no argument or citation to legal authority relevant to his claims.[2] Habeas relief under § 2254 is only available if a petitioner shows that he is

---

[1] A pro se habeas petition is filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

[2] In his reply to Quarterman's motion for summary judgment, Luke raises for the first time a constitutional due process claim. (Pet'r Reply at 2.) Luke did not raise this issue in his state habeas application or in his federal petition. Quarterman has not had the opportunity to respond to this issue. If the court were to permit Luke to amend his petition to add this claim, the petition could be dismissed for failure to exhaust state court remedies or the claim would be procedurally defaulted
(continued...)

in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Typically, a procedural defect in a state court proceeding which is a matter purely of state, and not federal, law is not in and of itself cognizable on federal habeas corpus review. *Sharp v. Johnson*, 107 F.3d 282, 290 (5th Cir. 1997). Luke's claims fail to raise a cognizable habeas issue.

## II. RECOMMENDATION

Quarterman's motion for summary judgment should be GRANTED, and Luke's petition for writ of habeas corpus under 28 U.S.C. §2254 DISMISSED with prejudice.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until January 31, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual

---

[2](...continued)
because a return to state court would result in the claim's dismissal as an abuse of the writ. Accordingly, the court will not consider this untimely claim for which leave to amend has not been granted. *See* FED. R. CIV. P. 15(a); *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003) (exhaustion requirement not satisfied if petitioner submits new factual allegations or new legal theories to the federal habeas court); *Dowthitt v. Johnson*, 230 F.3d 733, 746 (5th Cir. 2000) (same).

finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until January 31, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January 10, 2008.

    /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE